1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SOLOMON J. ANDREWS, | ) | Case No. EDCV 22-2006-DSF (JEM) |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| v. | ) | DISMISSING COMPLAINT WITH |
| | ) | LEAVE TO AMEND |
| CHAD BIANCO, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On November 10, 2022, Solomon J. Andrews ("Plaintiff"), a state prisoner proceeding pro se, filed a Complaint alleging violations of his civil rights pursuant to 28 U.S.C. § 1983.  On March 1, 2023, Plaintiff's request to proceed in forma pauperis was granted.

## SCREENING STANDARDS

In accordance with the provisions of the Prison Litigation Reform Act of 1995, the Court must screen the Complaint to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has

alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242 Plaintiff has now submitted the necessary paperwork and the initial partial filing fee, and the Court has granted him permission to proceed in forma pauperis.   1245 (9th Cir. 1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable.  Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility.  Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988).  Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an

opportunity to amend prior to the dismissal of an action.  Id. at 623.  Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend.  Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that the Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

## ALLEGATIONS OF THE COMPLAINT

At all relevant times, Plaintiff was detained at the Robert Presley Detention Center in Riverside County, California.  (Complaint at 2.)[1]  He names Sheriff Chad Bianco and the Robert Presley Detention Center (the "Jail") as Defendants.  (Id. at 3-4.)

Plaintiff alleges the following:

On October 28, 2021, Plaintiff had finished showering and was walking down the stairs.  When he reached the third stair, he slipped and fell.  The paint and slip-resistant surface of the stairs had deteriorated.  The deputy who witnessed the fall sent Plaintiff to medical, where he was treated for his injuries.  Later that day, Deputy Johnson and an unknown deputy called Plaintiff out of his cell to make an incident report with a video statement because they had seen the surveillance video from the day room, which had recorded the slip and fall.  After the interview, Plaintiff was sent for x-rays at the hospital.  (Id. at 5.)

Plaintiff seeks damages.  (Id. at 6.)

## PLAINTIFF'S CLAIM

Plaintiff alleges that Defendants were deliberately indifferent to his safety in violation of the Eighth Amendment when they failed to properly maintain the stairs.  (Id. at 5.)

---

[1]  The Court refers to the pages of the Complaint as numbered by the CM/ECF system.

1                       **DISCUSSION**

2 **I.    THE COMPLAINT FAILS TO STATE AN EIGHTH AMENDMENT CLAIM**

3       The Eighth Amendment's prohibition against cruel and unusual punishment imposes

4 duties on prison officials to "provide humane conditions of confinement."[2]  Farmer v.

5 Brennan, 511 U.S. 825, 832 (1994).  Although prison conditions may be restrictive and

6 harsh, "prison officials must ensure that inmates receive adequate food, clothing, shelter,

7 and medical care, and must take reasonable measures to guarantee the safety of the

8 inmates."  Id. (internal quotations and citations omitted); see also Rhodes v. Chapman, 452

9 U.S. 337, 347 (1981).  When a prisoner alleges injuries stemming from unsafe conditions of

10 confinement, prison officials may be held liable only if they acted with "deliberate

11 indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th

12 Cir. 1998).

13       Establishing deliberate indifference under the Eighth Amendment requires a two-part

14 showing.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."

15 Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  A deprivation

16 is sufficiently serious when the prison official's act or omission results "in the denial of 'the

17 minimal civilized measure of life's necessities.'"  Farmer, 511 U.S. at 834 (quoting Rhodes,

18 452 U.S. at 347); see also Hudson v. McMillian, 503 U.S. 1, 9 (1992).  Second, the prison

19 official must "know [ ] of and disregard[ ] an excessive risk to inmate health or safety."

20 Farmer, 511 U.S. at 837; see also Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009).

21 Thus, a prison official may be held liable under the Eighth Amendment for denying humane

22 conditions of confinement only if he knows that an inmate faces a substantial risk of harm

23

24 ─────────────────

25    [2]   Plaintiff cites to the Eighth Amendment in support of his claim.  However, he does not
indicate whether he was a pretrial detainee or a prisoner serving a sentence of confinement at the

26 time of the alleged events.  Claims by pretrial detainees arise under the Fourteenth Amendment
Due Process Clause, whereas claims by convicted prisoners arise under the Cruel and Unusual

27 Punishments Clause of the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).  If
Plaintiff was a pretrial detainee at the time of his accident, rather than a convicted prisoner, then his

28 claim arises under the Fourteenth Amendment Due Process Clause and a different legal standard
would apply.

1  and consciously disregards that risk by failing to take reasonable measures to abate it.

2  Farmer, 511 U.S. at 837-45.  Prison officials may avoid liability by showing that they lacked

3  knowledge of the risk or that they attempted to respond to the risk.  Id. at 844-45.  Mere

4  negligence on the part of the prison official is not sufficient to establish liability; rather, the

5  official's conduct must have been wanton.  Id. at 835; Frost, 152 F.3d at 1128.

6        Claims arising from "'slippery prison floors . . . do not state even an arguable claim

7  for cruel and unusual punishment.'"  LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993)

8  (quoting Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989)).  Federal courts repeatedly

9  have found that prison slip and fall claims do not rise to the level of a civil rights violation

10  under the Eighth Amendment.  See, e.g., Pyles v. Fahim, 771 F.3d 403, 410 & n.25 (7th

11  Cir. 2014) (collecting cases) ("Federal courts consistently have adopted the view that

12  slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous

13  condition of confinement")); Wuco v. Cal. Dep't of Corrections, 2022 WL 11321096, at *2

14  (E.D. Cal. Oct. 19, 2022) (dismissing civil right claim arising from slip and fall caused by

15  leaking water); Coleman v. Frauenheim, 2018 WL 2463855, at *3 (June 1, 2018)

16  (dismissing civil rights claim arising from slip and fall caused by flooding in housing unit);

17  Collier v. Garcia, 2018 WL 659014, at *2 (N.D. Cal. Jan. 31, 2018) (dismissing civil rights

18  claim alleging prisoner slipped and fell in his cell in a puddle of water caused by shower

19  leak); Oubichon v. Carey, 2017 WL 2162940, at *8 (E.D. Cal. May 17, 2017) (citing

20  Coleman v. Sweetin, 745 F.3d 756, 764 & n.7 (5th Cir. 2014) (collecting cases); Aaronian v.

21  Fresno County Jail, 2010 WL 5232969, at *2-*3 (E.D. Cal. Dec. 16, 2010) (dismissing civil

22  rights claim alleging plumbing leak caused puddle, resulting in plaintiff's slip and fall);

23  Saldana v. Unknown, 2009 WL 83062, at *2 (E.D. Cal. Jan. 13, 2009) (finding failure to

24  state Eighth Amendment deliberate indifference claim based on slip and fall in prison

25  shower area).

26        In order state a cognizable civil rights claim arising from a slip and fall injury, there

27  must be a confluence of exacerbating conditions such that the slippery floor posed a

28  serious, unavoidable threat to plaintiff's safety.  See Frost, 152 F.3d at 1129 ("[s]lippery

1  floors without protective measures could create a sufficient danger to warrant relief" when

2  an inmate alleges facts that exacerbate the danger resulting from such conditions; inmate

3  using crutches had repeatedly fallen and injured himself on slippery shower floors); see also

4  Osolinski v. Kane, 92 F.3d at 938 (dismissing deliberate indifference claim where prisoner

5  failed to plead exacerbating conditions that rendered him unable to provide for his own

6  safety).

7       Plaintiff alleges that Defendants failed to maintain the safety of the stairs between

8  the Jail showers and day room, which resulted in injuries when he slipped and fell.

9  (Complaint at 5.)  However, he alleges no facts or exacerbating circumstances that could

10  elevate this simple negligence claim into a federal civil rights claim.  See Frost, 152 F.3d at

11  1129; see also Farmer, 511 U.S. at 835-36 & n.4; Osolinski, 92 F.3d at 938.  Accordingly,

12  Plaintiff has failed to state a federal civil rights claim based on the failure to maintain the Jail

13  stairs and his Eighth Amendment claim should be dismissed.

14       Because Plaintiff appears pro se and has not had a prior opportunity to correct the

15  deficiencies set forth above, the Court will allow Plaintiff to file an amended complaint.  If he

16  chooses to do so, he must set forth specific facts that would support a conditions of

17  confinement claim under the standards set forth above.

18  **II.  THE COMPLAINT FAILS TO STATE A CLAIM AGAINST SHERIFF BIANCO**

19       A supervisory official cannot be held liable under a theory of respondeat superior or

20  vicarious liability.  See, e.g., Iqbal, 556 U.S. at 676.  Rather, liability under Section 1983

21  arises only upon a showing of a defendant's "personal" participation or involvement in the

22  alleged constitutional deprivation.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002);

23  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  "[A] plaintiff must plead that

24  each Government-official defendant, through the official's own individual actions, has

25  violated the Constitution."  Iqbal, 556 U.S. at 676.  A supervisory official may be liable under

26  Section 1983 if the facts demonstrate either: (1) the supervisor's personal involvement in

27  the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's

28  wrongful conduct and the constitutional violation.  Edgerly v. City & County of San

6

1   Francisco, 599 F.3d 946, 961 (9th Cir. 2010); MacKinney v. Nielsen, 69 F.3d 1002, 1008

2   (9th Cir. 1995).  Liability also can be established if the supervisor set in motion a series of

3   acts by others which the actor knows or reasonably should know would cause others to

4   inflict the constitutional injury.  Johnson, 588 F.2d at 743-44.  However, "[v]ague and

5   conclusory allegations of official participation in civil rights violations are not sufficient to

6   withstand a motion to dismiss."  Ivey, 673 F.2d at 268.

7        Plaintiff alleges no facts demonstrating Sheriff Bianco's liability for the alleged

8   injuries.  Plaintiff's conclusory statement that Sheriff Bianco "fail[ed] to maintain [Plaintiff's]

9   safety and this facility by allow[ing] the housing unit stair[s] to lack repair" (Complaint at 3) is

10  insufficient as a matter of law.  See Ivey, 673 F.2d at 268.  Because Plaintiff has not yet had

11  an opportunity to address these pleading defects, the claim against Sheriff Bianco should

12  be dismissed with leave to amend.

13  **III.     THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE COUNTY**

14       Plaintiff names the Jail as a Defendant.  (Complaint at 3.)  It appears that the Jail is

15  operated by the Riverside County Sheriff's Department, which is a municipal department of

16  the County of Riverside ("County").  Accordingly, the County, not the Jail, would be the

17  proper Defendant if Plaintiff can allege a cognizable claim against it under the standards set

18  forth below.

19       "[M]unicipalities and other local government units . . . [are] among those persons to

20  whom § 1983 applies."  Monell v. Dep't of Social Services of City of New York, 436 U.S.

21  658, 690 (1978).  A local government entity, however, can be found liable under Section

22  1983 "only where the [entity] itself causes the constitutional violation at issue.  Respondeat

23  superior or vicarious liability will not attach . . . ."  City of Canton, Ohio v. Harris, 489 U.S.

24  378, 385 (1989); Monell, 436 U.S. at 694-95.  Thus, a local government entity such as the

25  County "may not be sued under § 1983 for an injury inflicted solely by its employees or

26  agents.  Instead, it is when execution of a government's policy or custom, whether made by

27  its lawmakers or by those whose edicts or acts may fairly be said to represent official policy,

28  inflicts the injury that the government as an entity is responsible under § 1983."  Monell, 436

U.S. at 694.  Thus, the County cannot be held liable under <u>Monell</u> for the alleged actions of its officers unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers" or if the alleged constitutional violation was "visited pursuant to a government 'custom' even though such a custom has not received formal approval through the body's official decision-making channels."  <u>Id</u>. at 690-91; <u>see also</u> <u>Redman v. County of San Bernardino</u>, 942 F.2d 1435-44 (9th Cir. 1991).

In order to state a Section 1983 claim against the County, Plaintiff must allege: (1) a constitutional violation and (2) a policy, custom, or practice of the County that was the "moving force" behind the violation.  <u>Monell</u>, 436 U.S. at 694-95.  There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."  <u>Canton</u>, 498 U.S. at 385.  Moreover, proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell unless there is proof that the incident was caused by an existing unconstitutional policy attributable to a local government entity policymaker.  City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985).  Where a policy is not unconstitutional, however, considerably more proof than a single incident will be necessary.  Id. at 824.

Plaintiff alleges in a conclusory fashion that his injury was caused by the failure to maintain the stairs near the shower.  He fails to set forth any factual allegations demonstrating that the County had a policy, custom, or practice that was the "moving force" behind the constitutional violation asserted.  Accordingly, Plaintiff fails to state a claim against the County.  If Plaintiff chooses to amend his Complaint, he should not name the County (or the Jail) as a Defendant unless he can truthfully allege facts demonstrating that his injuries resulted from a policy, custom, or practice of the County.

*************

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment, or document.  The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

Plaintiff is advised that he should not assert claims for which he lacks factual and legal support.  Rather, he should only assert a particular claim against a particular defendant if he can truthfully allege facts that would demonstrate a constitutional violation under the standards set forth above.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: March 27, 2023

_/s/ John E. McDermott_
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE